_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01949-FWS-KES                                    Date: January 27, 2023
Title: Jackson Kwok v. Genera Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                         Attorneys Present for Defendants:

Not Present                                                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AND CONTINUING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [27]**

  Based on the Notice of Removal and Complaint in this action, the court appears to lack subject matter jurisdiction. "Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove an action from state to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). If it appears that the court lacks subject matter jurisdiction at any time before final judgment, the court must remand the action. *Id.* § 1447(c). The removal statute is "strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Diversity

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01949-FWS-KES | Date: January 27, 2023 |
| Title: Jackson Kwok v. Genera Corporation *et al.* | |

jurisdiction under § 1332 exists only where each defendant is a citizen of a different state than each plaintiff and the amount in controversy exceeds $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 554 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Generally, federal question jurisdiction under § 1331 is found where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted).

     Plaintiff Jackson Kwok is alleged to be a resident of California. (*See* Dkt. 1-1 ¶ 8.) The citizenships of Defendants Jerry Wu and Chun Chi Wu are not alleged. (*See generally* Dkt. 1.) Defendants Genera Corporation, a California corporation, T.Y.C. Brother Industrial Co., Ltd., and Innova Holding Corporation, are alleged to "conduct business" in California. (Dkt. 1-1 ¶ 6.) The entity forms of defendants T.Y.C. Brother Industrial Co., Ltd., and Innova Holding Corporation are not alleged. (*See generally* Dkt. 1.) Accordingly, the Notice of Removal and Complete do not demonstrate the parties are completely diverse. *See* 28 U.S.C. § 1332; *Owen*, 437 U.S. at 373-74 (complete diversity of parties is required); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citizenships of individual parties); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citizenship inquiry varies based on the form of the entity where the litigant is not a natural person); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (citizenships of corporations).

     Defendants' sole asserted basis for federal jurisdiction question is that "Plaintiff alleges in his seventh cause of action for Violation of Business and Professions Code § 17200 and Unfair Methods of Competition, 15 U.S.C. § 45." (*See* Dkt. 1 ¶ 6.) California Business and Professions Code § 17200 is not a federal law. Additionally, "private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [15 U.S.C. § 45]. The [Federal Trade Commission] Act rests initial remedial power solely in the Federal Trade Commission." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *see also Carlson v. Coca-Cola Co., 483 F.2d 279, 280* (9th Cir. 1973). Additionally, Plaintiff's purported FTCA claim appears to concern no material issues of federal law. *Cf. Gunn v. Minton*, 568 U.S. 251, 258 (2013). Because no cognizable federal claim

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01949-FWS-KES | Date: January 27, 2023 |
| Title: Jackson Kwok v. Genera Corporation *et al.* | |

appears on the face of Plaintiff's compliant, the court concludes that it appears to lack subject matter jurisdiction over this action. *See Yokeno v. Mafnas*, 973 F.2d 803, 807-09 (9th Cir. 1992).

    Accordingly, the court **ORDERS** the parties to show cause, in writing, why this case should not be remanded for lack of subject matter jurisdiction **on or before February 6, 2023**. The court sua sponte **CONTINUES** Defendants' noticed Motion for Judgment on the Pleadings (Dkt. 27) from February 23, 2023, at 10:00 a.m. to **March 2, 2023, at 10:00 a.m.**

                      Initials of Deputy Clerk:  mku