_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01949-FWS-KES Date: February 13, 2023
Title: Jackson Kwok v. Genera Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Deborah Lewman for Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, AND DENYING AS MOOT MOTIONS FOR JUDGMENT ON THE PLEADINGS AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [27], [33], [34], [39]**

Because Plaintiff's Complaint and the Notice of Removal appeared to lack a sufficient basis for this court's subject matter jurisdiction, the court previously ordered the parties to show cause why the court should not remand this case for lack of subject matter jurisdiction. (*See* Dkt. 30.) Defendants have since filed a response.[1] (Dkt. 36.)

As previously noted, "Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

---

[1] The court **GRANTS** Defendants' request for judicial notice of Exhibits 1-4, which are court filings from this action. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings "[t]o determine what issues were actually litigated" in those actions).

_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01949-FWS-KES | Date: February 13, 2023 |
| Title: Jackson Kwok v. Genera Corporation *et al.* | |

If it appears that the court lacks subject matter jurisdiction over a removed action at any time before final judgment, the court must remand the action. 28 U.S.C. § 1447(c). The removal statute is "strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Diversity jurisdiction under § 1332 exists only where each defendant is a citizen of a different state than each plaintiff and the amount in controversy exceeds $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 554 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Generally, federal question jurisdiction under § 1331 is found where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted).

As previously noted, the Complaint does not plead complete diversity of the parties. Plaintiff Jackson Kwok is alleged to be a resident of California, while the citizenships of Defendants Jerry Wu and Chun Chi Wu are not alleged. (*See* Dkts. 1; 1-1 ¶ 8.) Defendants Genera Corporation, a California corporation, T.Y.C. Brother Industrial Co., Ltd., and Innova Holding Corporation, are alleged to "conduct business" in California, and the entity forms of Defendants T.Y.C. Brother Industrial Co., Ltd., and Innova Holding Corporation are not sufficiently alleged. (*See* Dkts. 1; 1-1 ¶ 6.) As the court previously found, the Notice of Removal and Complaint do not adequately demonstrate that the parties are completely diverse. (*See* Dkt. 30 at 2 (citing 28 U.S.C. § 1332; *Owen*, 437 U.S. at 373-74 (complete diversity of parties is required); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citizenships of individual parties); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citizenship inquiry varies based on the form of the entity where the litigant

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01949-FWS-KES | Date: February 13, 2023 |
| Title: Jackson Kwok v. Genera Corporation *et al.* | |

is not a natural person); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (citizenships of corporations)).)

As previously noted by the court, the asserted basis for federal question jurisdiction is Plaintiff's claim for a violation of California Business and Professions Code § 17200 ("§ 17200"), California's Unfair Competition Law ("UCL"), in which Plaintiff avers Defendants violated 15 U.S.C. § 45 ("§ 45"). As the court previously noted, § 45 does not provide a private right of action for an individual plaintiff, and the claim itself (§ 17200) is brought under California state law. (*See* Dkt. 30 at 2-3 (quoting *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (citing *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973)).) Defendants assert that, these considerations notwithstanding, federal question jurisdiction lies under the embedded federal question doctrine. (*See* Dkt. 36 at 1-10.)

Under this doctrine, "even where a claim finds its origins in state rather than federal law," federal jurisdiction still lies in a "special and small category" of cases. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citation omitted). Federal jurisdiction over a state law claim will lie in only where a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* Having considered the record, applicable law, and the parties' arguments, the court finds Plaintiff's Complaint does not satisfy this test.

Federal jurisdiction is improper because the asserted federal issue raised by Plaintiff's UCL claim is not "substantial."[2] The substantiality inquiry "looks [] to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Here, Plaintiff's Complaint mentions federal law by alleging that "some of" Defendant Wu's orders to Plaintiff and the Entity Defendants' policies violated unspecified federal laws and that Defendants more generally violated § 17200 by engaging in "unfair methods of competition[,] 15 U.S.C. § 45 et seq." (*See* Dkt. 1-1 ¶¶ 24, 68; *see also id.* ¶ 86.) As is presented here, "state law tort claims, in which a defendant's violation of federal law is alleged to have caused the tort, do not generally

---

[2] The court expresses no view on the sufficiency of Plaintiff's Complaint as to the remaining elements of the embedded federal question doctrine.

_____

**CIVIL MINUTES – GENERAL**                                             3

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01949-FWS-KES | Date: February 13, 2023 |
| Title: Jackson Kwok v. Genera Corporation *et al.* | |

give rise to a federal question." *C & H LLC v. Allen, Haight & Monaghan LLP*, 2019 WL 3321722, at *3 (C.D. Cal. July 24, 2019) (citing *Grable & Sons Metal Prods v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318-19 (2005); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986)). This case is unlike others in which a federal issue was found sufficiently substantial because it "raise[d] substantial questions as to the interpretation or validity of a federal statute"; "challenge[d] the functioning of a federal agency or program"; was "a pure issue of law that directly draws into question the constitutional validity of an act of Congress or challenges the actions of a federal agency" that was "both dispositive of the case and would be controlling in numerous other cases." *See City of Oakland v. BP PLC*, 969 F.3d 895, 907 (9th Cir. 2020) (citations and internal quotation marks omitted) (collecting cases). Rather, resolution of Plaintiff's claims "require[s] a fact-intensive and situation-specific analysis, which 'is not the type of claim for which federal-question jurisdiction lies.'" *See Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022) (quoting *Oakland*, 969 F.3d at 907 ).

Accordingly, Plaintiff's UCL claim under § 17200, and Complaint more broadly, do not raise a "substantial" federal issue. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (noting "California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action") (citations omitted); *Gunn*, 568 U.S. at 261 (finding the plaintiff's legal malpractice claim did not contain a substantial federal law issue because such a "backward-looking" claim would not "change the real-world result of the prior federal patent litigation" or "undermine the development of a uniform body of [patent] law") (alteration in original) (citation and internal quotation marks omitted). Because the Complaint otherwise does not assert a claim under or meaningfully reference a right of action under federal law, the court finds it lacks federal question jurisdiction over this action.

For these reasons, the court finds it lacks subject matter jurisdiction over the matter, and this case must be remanded. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Therefore, the court **REMANDS** this case to California Superior Court, County of Orange, and **DENIES AS MOOT** the parties' pending Motions for Judgment on the Pleadings (Dkts. 27, 33, 34), and Plaintiff's Motion to File a First Amended Complaint (Dkt. 39). In light of the court remanding this action, the court declines to rule on the proposed order submitted by the parties in

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01949-FWS-KESDate: February 13, 2023
Title: Jackson Kwok v. Genera Corporation *et al.*

connection with their Joint Stipulation for an Order to Dismiss Spoliation Counterclaim Without Prejudice (Dkt. 38).

Initials of Deputy Clerk:  djl